# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT F. RUSSO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-993-DRH |
| | ) |
| DAVE REDNOUR, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to the instant habeas petition, petitioner was tried by a jury and found guilty of murder on June 26, 2001, in Adams County circuit court, No. 01-CF-84. On August 17, 2001, he was sentenced to sixty years in prison. Prior to

filing the instant petition, petitioner's conviction has been extensively reviewed by other courts. The conviction was affirmed on direct appeal, and the Illinois Supreme Court denied his petition for leave to appeal on December 16, 2004. *People v. Russo*, 824 N.E.2d 289 (Ill. 2004). He then filed a petition for post-conviction relief on January 12, 2005. The trial court's denial of that petition was affirmed, and again, his petition for leave to appeal was denied by the Illinois Supreme Court on November 29, 2007. *People v. Russo*, 879 N.E.2d 937 (Ill. 2007).

Petitioner next filed a petition for habeas corpus relief in the Central District of Illinois, *Russo v. Hulick*, Case No. 08-cv-3014-JES (C.D. Ill. filed Jan. 9, 2008), in which he raised sixteen claims alleging constitutional error, including several instances of prosecutorial misconduct; errors by the trial court including allowing petitioner's spouse to testify about conversations with petitioner despite the marital privilege, denying a continuance to locate witnesses, and errors in jury instructions; actual innocence; insufficient evidence; and ineffective assistance of appellate and post-conviction counsel. In a sixty-three page opinion, the court evaluated each of these claims and denied relief (Doc. 4, Exhibit A, p. 34-96) (also found at Doc. 23, filed Aug. 18, 2008, in *Russo v. Hulick*, Case No. 08-cv-3014-JES (C.D. Ill.)). As to petitioner's nine grounds of error arising from his trial (*see* Doc. 4, p. 74-75), the court found that each had been procedurally defaulted (Doc. 4, p. 75-79). Moreover, petitioner failed to demonstrate either cause and prejudice, or a claim of actual innocence, in order to overcome the procedural

default (Doc. 4, p. 79-83). Petitioner's application for a certificate of appealability was denied by the Seventh Circuit on August 20, 2009 (Doc. 37 in *Russo v. Hulick*, Case No. 08-cv-3014-JES (C.D. Ill.)).

Petitioner then returned to the trial court, and on January 9, 2009, filed a petition for relief from judgment pursuant to § 2-1401 of the Illinois Code of Civil Procedure. *See* 735 ILL. COMP STAT. 5/2-1401(f) (2008). The petition claimed the Illinois law on accountability was unconstitutional, the trial court violated the marital communication privilege, and the trial court improperly denied petitioner's motion for substitution of judge. The petition was denied on April 13, 2009, for being insufficient as a matter of law (Doc. 1, p. 21-22). The trial court found that petitioner raised no new issues of fact which might entitle him to relief, but instead raised legal arguments which he had previously raised on direct appeal and were found to be without merit by the appellate court. On April 15, 2009, petitioner filed another § 2-1401 petition in the trial court, which was denied as a prohibited successive petition on August 3, 2009 (Doc. 1, p. 25-26).

Petitioner appealed from the denials of both § 2-1401 petitions. Appointed appellate counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), contending the appeal would be without merit. Counsel's motion to withdraw was granted and the trial court's judgment was affirmed (Doc. 1, p. 28-34). The appellate court found that each of the issues in the petition either were raised or could have been raised in previous proceedings, and relief was properly denied (Doc. 1, p. 33); *People v. Russo*, Nos. 4-09-0291, 4-09-0607 (Ill.

App. July 27, 2010), *petition for leave to appeal denied*, 942 N.E.2d 460 (Ill. Nov. 24, 2010).

Finally, on December 3, 2009, petitioner filed a petition for state habeas corpus relief pursuant to § 10-102 of the Illinois Code of Civil Procedure. *See* 735 ILL. COMP STAT. 5/10-102 (2008). Again, petitioner took issue with the trial court's evidentiary rulings and refusal of jury instructions, prosecutorial misconduct, and ineffectiveness of trial counsel, arguing these errors rendered the judgment of the trial court void because of due process violations (Doc. 1, p. 40). The trial court dismissed the petition as "frivolous and patently without merit" on January 15, 2010 (Doc. 1, p. 37). Petitioner appealed that order, but it was affirmed on July 7, 2010 (Doc. 1, p. 39); *Russo v. Gaetz*, No. 4-10-0080 (Ill. App. July 7, 2010), *petition for leave to appeal denied*, 938 N.E.2d 530 (Ill. Sept. 29, 2010). The appellate court found that the alleged trial errors were not proper matters for state habeas corpus review, noting that petitioner "is attempting to take a second bite at the appellate apple" (Doc. 1, p. 42).

Petitioner filed the instant action on December 7, 2010, raising nine grounds of error, all arising from his trial: 1) he was improperly tried on a theory of accountability without notice or an opportunity to respond; 2) the trial court denied a continuance to locate exculpatory witnesses; 3) prosecutorial misconduct on cross-examination denied petitioner the right to testify; 4) the prosecutor's closing argument misstated evidence, inflamed the jury, and improperly opined on the falsity of petitioner's testimony; 5) the court improperly admitted "false"

physical evidence (a saw and hammer) and 6) a blood standard (DNA evidence regarding Terry Hawe; *see* Doc. 4, p. 48-49); 7) hearsay and irrelevant testimony was improperly admitted; 8) the prosecutor improperly coached witnesses on their right to invoke the Fifth Amendment so as to interfere with defense access to them; and 9) the court improperly refused to give jury instructions regarding spouse credibility and impeachment. On each point, petitioner argues that the error resulted in a substantial denial of his constitutional right either to present a defense, to testify, to a fair trial, or to due process.

Every one of the grounds raised in the instant petition was included in petitioner's first § 2254 petition in the Central District of Illinois (Doc. 4, p. 74-75). *Russo v. Hulick*, Case No. 08-cv-3014-JES (C.D. Ill. filed Jan. 9, 2008). This alone would be reason to dismiss the instant petition, under the doctrine of *res judicata*, or claim preclusion. As the Seventh Circuit has explained, "*[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006) (quoting *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005)). In a habeas petition, the only proper respondent is the petitioner's custodian, in other words, the warden of the prison where he is confined. Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; *see also Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Thus, the fact that petitioner had a different warden and was thus required to name a different respondent in his first § 2254

petition does not result in a lack of identity of "the parties or their privies." Although petitioner may have had a different nominal custodian, he has remained in the custody of the Illinois Department of Corrections at all times since the commencement of his earlier habeas action.

Petitioner argues that the instant petition should not be considered a second or successive petition, relying on *Slack v. McDaniel*, 529 U.S. 473 (2000), for the proposition that where an initial habeas petition is dismissed without adjudication on the merits for failure to exhaust state remedies, a later petition should not be considered "second or successive" within the meaning of Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts, and 28 U.S.C. § 2244. However, petitioner's reliance on *Slack* is misplaced.

The Central District, in its well-reasoned opinion, fully addressed the merits of each point raised by petitioner. That court did not find that petitioner failed to exhaust his state remedies, as petitioner appears to assert. In contrast, as to the claims of trial error raised in the first habeas petition (which are identical to the claims raised herein), the Central District found that petitioner failed to properly raise his claims at every possible stage of prior review, thus procedurally defaulting each claim (Doc. 4, p. 75-79). It proceeded to analyze whether petitioner had presented any argument sufficient to overcome the procedural default, concluding that he had failed to do so (Doc. 4, p. 79-83). Furthermore, the court addressed petitioner's claims that the evidence was insufficient to convict him and that he could establish actual innocence,

concluding that petitioner failed to demonstrate grounds for relief (Doc. 4, p. 83-88). Likewise, relief could not be granted on his claims of ineffective assistance of counsel (Doc. 4, p. 88-96). Petitioner's claims regarding pre-trial errors were also found to have no merit (Doc. 4, p. 63, 68-74). In sum, all of the claims raised in petitioner's first habeas proceeding were denied on the merits, and the Central District made no finding that petitioner had failed to exhaust his state remedies on any of his claims (Doc. 4, p. 63, 96).

It appears that petitioner may have a mistaken belief that when the court ruled he had procedurally defaulted a number of his claims, this was the equivalent of petitioner having failed to exhaust his state remedies. However, these are two different matters. The Central District cogently explained the concept of procedural default (*see* Doc. 4, p. 66-67). Petitioner has sought state court review at all levels, however, he failed to present his claims for complete review, hence the procedural default. Petitioner's attempt at a "do-over" by filing his state court petitions under § 2-1401 and § 10-102 and exhausting appellate review cannot give him another bite at the habeas apple on issues that were already procedurally defaulted.

Because petitioner's first § 2254 petition was not dismissed for failure to exhaust state remedies, and was fully adjudicated on the merits, the exception outlined in *Slack* does not apply here. *See Slack*, 529 U.S. at 485-89. The instant petition is a second § 2254 petition, and must be treated accordingly. "A claim presented in a second or successive habeas corpus application under

section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C.A. § 2244(b)(1). As outlined above, each of the claims presented herein was presented to the Central District of Illinois in *Russo v. Hulick*, Case No. 08-cv-3014-JES (C.D. Ill. filed Jan. 9, 2008).

Therefore, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated:** June 29, 2011

                                        **Chief Judge**
                                        **United States District Court**